I have American Steamship Owners v. Dann Ocean Towing, and Mr. Fromm, are you ready? Yes. My name is David Fromm. I represent the appellant American Steamship Owners Mutual Protection and Indemnity Association, as we affectionately call it, the American Club. It's a protection and mutual insurance association. There's one issue in this case. I don't think it's a complicated issue. The issue is whether the doctrine of latches or the New York statute of limitations applies. The district judge three times held that the doctrine of latches applied. I believe the district judge got it right three times. Unfortunately for my client, on the fourth time, the district court changed their decision and said that the New York statute of limitations applied. I think that that was based on a faulty analysis. The analysis goes this way. You have a maritime case. You have exclusively maritime jurisdiction. You have to look at, in determining what procedural law applies or what law applies, you look at the law of the forum. The law of the forum is general maritime law, and the general maritime law is statute of limitations as latches. Now, in this case, you have a slight twist, and that is you have a choice of law provision. Did you draft the contract? Did I personally? I know that, but did your client draft it? Absolutely. Oh, I'm sorry. And didn't your client draft a rather broad choice of law provision? Actually, it drafted what's known as the standard choice of law provision. It says this contract of insurance between the association and the member shall be governed and construed in accordance with the laws of the state of New York. That's a standard, run-of-the-mill, everyday choice of law clause. Well, what is that? But, you know, maybe standard run-of-the-mill is these rules in any contract of insurance shall be governed by whatever. So I guess the question is, you know, why not let the parties order their own business relationships? That's what contracts are for. Absolutely, and I agree with you 100%. And didn't you opt for New York law? Absolutely. And now you want to get out of it. Absolutely not, Your Honor. These clauses have consistently been construed to incorporate the substantive law, not the procedural law of the jurisdiction. And there's the Debrassi case out of the Ninth Circuit that has the identical choice of law provision. Yeah, but, you know, there's always been this argument, as long as I can remember, about whether statutes of limitation are substantive or procedural. But the Ninth Circuit had a very interesting opinion in this Kagan case back in 1993, which is that contractual choice of law provisions that don't exclude or mention statutes of limitation should be interpreted to include a statute of limitation. So what's wrong with that Ninth Circuit decision in Kagan? The Ninth Circuit decision is, I think they were looking at a different choice of law provision, because if you look at the Ninth Circuit decision in Debrassi. Well, I think they were looking at a choice of law provision that didn't exclude or mention a statute of limitation. Right, and ours doesn't either. But if you look at our case, it just says construed by. And construed is consistently held not to include the procedural law. Another clause said governed by. What's the distinction? Well, the distinction in California, you also have to understand, is California statute of limitations is considered substantive. And same thing in Florida, where in New York and Maryland, where this case emanates from, is also the statute of limitations is construed procedurally. So if you have a standard clause in California, you'll incorporate the substantive law there if that's the law that applies. And if you take a look at the Debrassi decision and then compare it to the Wang decision, the court in Wang, where they did incorporate the statute of limitations for Massachusetts law, called it a sweeping. Actually, I'm looking at the Breedman versus Zapata decision, which says that's from the Supreme Court, which is pretty relevant for us. There's a choice of forum clause is enforceable and can actually divest a district court of jurisdiction. I don't understand why in this case we don't let the parties govern their own relationship. And if you draft a contract saying that the case should be governed by New York law, and then come before us and say, oh, we don't want to be bound by that. I mean, I don't know why we should let you out of it. I'm not asking to be let out of it, Your Honor. I'm asking you to interpret New York law the way New York law would interpret it. If this case was in front of a New York court, the New York court would not apply in an admiralty case the New York statute of limitations. It would apply the maritime doctrine of latches. I'm not asking to be let out of anything. I'm not asking for any favors. I'm not asking for any other interpretation than interpretation of what New York courts and admiralty courts would interpret this clause. And, in fact, Maryland would interpret it the same way, because Maryland, in an admiralty case, wouldn't apply the statute of limitations. So the statute of limitations is purely a procedural matter. And even if you look at the cases, the district court never made that announce. The district court just said, similar to what you're saying, Your Honor, and with all due respect, I don't think it's right, is the district court said, all right, you said New York law applied this when New York law applied in every law in New York applies. That's not what the clause means, and that's not what the New York courts would hold. You know what, though? It doesn't suggest that you're stuck with an ambiguous or potentially ambiguous provision in a contract that's got to be construed against you. Well, there's a case. Well, no, if you could just answer the question. Yes, yes. That clause is a standard clause used in hundreds of contracts. No court has ever, ever, ever determined that that clause is ambiguous. Well, I tend to think it isn't either. But you seem to be arguing behind the language, telling us what a New York court would do, and that suggests to me that maybe the language itself is not self-evident. All I can tell you is the Alaska district court in the Alaska Airlines case, which is cited in our brief, specifically rejected that argument, said this is a standard form selection clause and there's nothing ambiguous. Did the district court find it ambiguous? Is that why she changed her mind? No, no, never. That issue of ambiguity was never even raised in the district court. The first time it was raised was in this court, as I understand the record. So it was rejected by the Alaska district court. Also, what's ambiguous? What word is ambiguous? Governed and construed is not an ambiguous term. It's been held by numerous courts, they're all cited in our brief, to incorporate the substantive law and not the procedural law. What about governed by? That exact language, governed by. I think where the courts have said that a procedural law will apply, there's been cases that said governed by and enforced. And that's what the California court said was sweeping language, because the word enforced was there. Do you agree with that analysis? I have a little difficulty with that analysis. The problem here was kind of splitting gears. Yeah, they seem to be splitting gears. I have a little difficulty with that analysis, but that's what the court said. It's not for me to tell the court that it's wrong. So what do you say the language here would have had to have said in order to incorporate the statute of limitations? Well, I would say that it would. Other than we incorporate the statute of limitations. No, the substantive and procedural law, if that's what you want to incorporate. Or you put in a statute of limitations. It's done all the time. A lot of the cases they rely on, courts have said you can put your own statute of limitations in a contract. And, in fact, there is sort of a statute of limitation in ours for claims against the club, which is two years. But if you want to put in a statute of limitations, you put it in. But I think there's just a – there isn't one case, really. There's not one case that supports their position that this clause, this particular clause, incorporates procedural law. There's no case. They haven't cited one. In fact, the district court in her decision noted on two occasions that they haven't cited one case that supports the position that this clause incorporates the statute of limitations of the state. And, you know, it's interesting. The two cases that the district court relied on, I think there's some discussion on, and I just want to briefly touch them. One is the Cooper case, and that was a Florida case, again, and they applied Dutch law there. And it really wasn't a statute of limitations. It was a statute of repose. And case law is clear that a statute of repose, because it affects a right, not a remedy. Sometimes they get them mixed up, because it is a lot of semantics, but it's what the courts say. A statute of repose is not a – is substantive as opposed to a statute of limitations. Again, it's splitting hairs, but that's how the law is, and we take our cases based on, you know, the decisions and stare decisis. The other case is the case out of the – out of California, the Italia Maritana case. And that's the case where they, again, took a – they said the statute of limitations did apply, and they said this is a sweeping decision. It was a district court case. It's unpublished, not necessarily binding. But, again, you had that – you had a choice of law that said construed, interpreted, and enforced. And that case actually, although it's out there, the district judge reversed himself anyway in a subsequent decision, and instead of applying the California statute of limitations. And I find this all a little murky in the sense that, as I indicated at the beginning, there's a big debate over whether the statute of limitations is substantive or procedural. And there's another big – there's another debate about whether New York would hold – And the whole question seems to me to have a certain murky and ambiguous quality about it. And when you get back to Judge Keenan's question at the outset, if this is a close question and a bit of a difficult question, why not just go back to the basic insurance law maxim which we follow all the time, which is that you construe insurance contracts in cases of ambiguity against the drafter? Well, the problem with that analysis is that it's not an ambiguous – it's not an ambiguous clause. No court has ever held that clause to be ambiguous. Every court that's dealt with that statute has, you know, has found it to be that it didn't incorporate the statute of limitations. What about the Kagan case? The Kagan case just adds general propositions of law. It doesn't – I don't believe it holds anything near what you're saying, Your Honor. I mean, maybe I have to look at it again, but I don't believe that at all, especially in light of the other two cases in California. What word is ambiguous? What word is – what word in that clause – I mean, they don't say what word is ambiguous. They say it's ambiguous, which they raise for the first time here, and what's ambiguous about it? There's no – you can't point to a word that's ambiguous, and you have the Alaska Supreme Court – Alaska District Court saying it's not ambiguous, it's a garden-variety choice of law clause. All right. Thank you, sir. Thank you very much. Mr. Spiegelfeld? May it please the Court. I'm Alan von Spiegelfeld. I represent Dan Ocean Towing, and we are here today because we feel that the district court ruled correctly in her final ruling. And in regards to something that Judge Wilkinson asked and was responded to by my opposing counsel in regards to the Kagan case that you referred to, that particular case does not call for the enforcement or the going to court over, it says, almost virtually the same wording as ours, governed by the laws of Massachusetts in all questions pertaining to the validity and construction of such rights and obligations shall be determined in accordance with such law. Ours is shorter, but it's virtually the same meaning. But more importantly, as the Court has already pointed out, this is a contract that was created by the appellant. And the appellant would tell the Court that it is a very simple provision that just calls for the choice of law or a simple choice, I think they call it a generic choice of law provision. But when one looks at Appendix Number 101, one sees that the choice of law provision is a part of a long section, Section 15 of Rule 1. That section provides procedures whereby the appellant or where Dan Urshentoy would have to go to the appellant in order to get permission to sue would have to be bound by a two-year limitation. And then it goes on to say, after going through numerous procedural things, these rules and any contracts of insurance between the association and a member shall be governed by and construed in accordance with the law of the State of New York. Now, I'm a simple person, but a statute of limitations is the law of the State of New York. And maybe it isn't ambiguous, but if it isn't ambiguous, it isn't ambiguous because a normal person would read that to include the statutes of the State of New York. And the State of New York provides a six-year statute of limitations. Now, this is at the same time that this is a manuscript document. It is not just a simple agreement between two parties. This isn't an agreement where, in fact, as has been pointed out, these are the rules of the club. It's not a contract as one normally has a contract where both sides sign and agree to the terms. These terms were foisted on Dan Urshentoy, and they had no choice in saying, well, what do you mean by the laws of New York? Does that include substantive and procedural? Not that a tugboat owner would ask that question in the first place, but were they to ask it, they wouldn't have had the opportunity. The statement was made that there is no cases that support the position of the appellee, and that's absolutely not correct. The case of Cooper v. Meridian Yacht is a maritime case. And in that maritime case, the court held that in maritime cases where there is a choice of law provision, they will apply the statute of limitation of the chosen law. That is a maritime case. Italia Meritima S.P.A., which is a California case, again did exactly the same thing. It applied the statute of limitation that was set forth in the choice of law provision. Appellant argued that the district court in Italia reversed itself, and that's absolutely not true. In Italia, what the district court did do is it said that the plaintiff who had been precluded from proceeding by the statute of limitation would be allowed on an indemnity claim to proceed because the indemnity claim hadn't become right yet. Now, your position at bottom is simple, and I don't mean by that to indicate that it's wrong, but your position is the parties bargained for the law of New York. And when you look at the law of New York without going through this step and that step and asking whether this is maritime and whether it's not and all the rest, New York has a general statute of six years. That's correct. And that is the most explicit provision of the law of New York. Six-year statute of limitation is part of New York law. Your Honor, I can't say it better. You said it first. Well, you repeated it better than I said it in the first place. But that is the simple, that is the essence. And the argument over procedural versus substantive, in all fairness, is something of a ruse because the cases that have used that in the past actually are no longer really valid because, as the court has pointed out, there's a... The question is, what is it likely, what did the parties themselves bargain for? And what the parties themselves bargained for would probably trump the question of whether something is substantive or procedural, and it would probably, even in this Zeman case, it says, a choice of law provision can oust jurisdiction. And so the question is, in this kind of situation particularly, you want to have two private parties be able to govern their relationship between themselves. And they bargain for New York law. And statute of limitations under New York law is six years. And so that seems to me to give the most meaningful effect to what the parties wanted. I agree with you wholeheartedly, especially when one looks at that provision and sees that there is a statute of limitation procedure in there. I agree with you. Any questions? We have no questions. Thank you. I'd like to just make two points. I think there was a disconnect between, at least I was disconnected with you, Judge Wilkinson, when you were talking about the Keegan case. Because I call it the Wang Labs case. It's Wang Labs v. Keegan. And as my learned adversary was discussing the case, I went back and read it. And what Keegan clearly says is that there was a broad clause there. The clause said it was governed by the law of Massachusetts and all questions pertaining to the validity, construction of such rights and obligations shall be determined in accordance with Massachusetts law. Well, that has some additional language, I'll grant you. But I'm having trouble seeing how that's any broader than what we have here. Well, the court in Keegan specifically said that that's sweeping language and is different than the Desparossi case, which had the exact same language. Right. They made that distinction. And that's what they're doing. And they're circuit's case law, but that doesn't mean that that's right. No, of course not. I mean, this court decides what's right. Right. But there's another point. Well, we decide for ourselves right or wrong. We're going to decide. Right. But there's another point. And I think, Judge Wilkinson, you said the party should, you know, the contract says something and they should, that's what they bargain for. Well, the law for the last hundred years at least has been in maritime cases, the doctrine of latches applies. And this forum, this, excuse me, this conflict for choice of law provision, I get mixed up between forum selection, conflict of laws, and choice of law provision. This choice of law provision has consistently been held not to incorporate statute of limitations. So when the parties made this deal and Dan Ocean decided to become a member of our club, they act as an insurer as well as an insured, everybody presumably knew what the law meant because they had a hundred years of law that said in maritime cases latches apply, and they had umpteen years of law where this clause never had been interpreted to incorporate a statute of limitations. But you have to take a jump to get there. You don't have to take a jump if you just look at New York law and see that there's a six-year statute of limitations. If you want to go your route, you have to decide what's maritime, number one, and you have to decide what's latches, number two, and it just becomes more complex. It becomes more complicated. I listened to the case that was argued right before us. That was a complex analysis. That seemed to me to be a complex analysis. This doesn't seem to me to be a complex analysis, to make a decision on whether a statute of limitations is procedural. You drafted the contract, and again, if there's doubt about it, it seems to me to go against you. I think you have a number of problems. One is the definitional problem of maritime. Another is the application of latches. The third is the contracts of insurance are generally interpreted against the drafter. A fourth problem is you've gone for the laws of New York, and I know you say that, well, these choice of law or provisions under the state's law have never been held to apply to maritime provisions, but, you know, again, if you look at it in just a very simple way, New York has a six-year statute of limitations. It applies to actions under contract. But that's not the proper analysis. First of all, we're running around and around. No, but you have to start off. You have to start off with what's this case? It's a maritime case. What's the conflict of law? What law do you apply? You apply the law of the forum. And that's where you have to start. You have to start from the foundation. You can't just jump to this that says New York law, and therefore every law in New York applies. You have to do the analysis. It's a contract, isn't it? Absolutely, it's a contract. What does a six-year statute of limitations apply to? Contract? They apply to contracts that are governed by procedural law in New York. They don't apply to maritime contracts. That's the whole point, because maritime is, you know, it happens all over the place. You know, ships go here, ships go there. That's why we have a universal maritime. You know, we have a maritime jurisdiction, and we have universal laws. And the Supreme Court in Wolverine Boat says, you look to first to see if there's a union. But they're going to be, you know, you're talking about this interest in uniformity, but New York law is going to govern the interpretation of all kinds of provisions in that contract. And you're going to get disuniformity that way. And so, you know, the parties can opt for that. You know, uniformity is not just important with respect to a statute of limitations. I don't know how many substantive provisions there are in contracts, but your concern over uniformity, notwithstanding, New York law is going to apply to all of them. It will apply to the substantive, and it doesn't apply to the procedural. I mean, you wouldn't apply the New York rule on depositions to this case, on what you can object to. I mean, you and I both know that statute of limitations belongs in that, right at the very tipping point of that debate about what's substantive and what's procedural. And, you know, they're wonderful law school hypotheticals made out of that, of how do we characterize them. But I don't know. You've made your point, and you've made it very well. But you can. I can't change your mind. But I just would urge the court to please do the proper analysis, at least what I think is the proper analysis. All right. Well, I appreciate that. Thank you very much.
judges: J. Harvie Wilkinson III, Barbara Milano Keenan, Albert Diaz